Case #:         202005429

Rec Date:       06/15/2020  09:49:42 AM
Doc Grp/Desc:   CIV / PRAECIPE FOR WRIT OF SUMMONS

Plaintiff:      DOE JOHN
                    C/O DANIEL P. HARTSTEIN, ESQUIRE, 1800 CHAPEL AVE., W.,
SUITE 320
                    CHERRY HILL, NJ 08002
                Counsel: HARTSTEIN , DANIEL PAUL

Defendant:      SOKOLOFF MARY
                    218 S. FRANKLIN ST., APT. 1
                    WILKES BARRE, PA 18701
                SOKOLOFF MATTHEW
                    5967 OLD COUNTRY RD., BEFORD, VA 24523


---- DOCKET ITEMS -----
Rec Date        Description
_____      _____

06/15/2020      PRAECIPE FOR WRIT OF SUMMONS
                Fee: $164.25
06/15/2020      AOPC COVER SHEET
                Fee: $0.00
06/15/2020      CONFIDENTIAL INFORMATION FORM
                Fee: $0.00
06/15/2020      CONFIDENTIAL DOCUMENT FORM
                Fee: $0.00
07/07/2020      SHERIFFS SERVICE
07/08/2020      PRAECIPE FOR RULE TO FILE COMPLAINT
07/10/2020      PRAECIPE TO REISSUE WRIT OF SUMMONS
                Fee: $6.25
07/27/2020      COMPLAINT - SUBSEQUENT FILING
                Fee: $0.00

James L Hadd... Case 3:22-cv-06002-NC Document 54-2 Filed 08/10/20 Page 1 of 20



EXHIBIT A

# SHERIFF'S OFFICE OF LUZERNE COUNTY

**Brian M. Szumski**
*Sheriff*



**C. David Pedri**
*County Manager*

**Joan Hoggarth**
*Director of Judicial Services & Records*

| JOHN DOE vs. MARY SOKOLOFF | Case Number 5429-2020 |
|---|---|

## SHERIFF'S RETURN OF SERVICE

07/06/2020  08:39 AM - LESLIE MIDDAUGH, DEPUTY SHERIFF, FOR SHERIFF OF SAID COUNTY, BEING DULY SWORN ACCORDING TO LAW, DEPOSES AND SAYS, THAT ON JULY 06, 2020 AT 8:39 AM, PREVAILING TIME, HE SERVED THE WITHIN WRIT OF SUMMONS (WOSM) UPON MARY SOKOLOFF, THE WITHIN NAMED, BY HANDING TO MARY SOKOLOFF PERSONALLY, AT 218 S FRANKLIN ST APT 1, WILKES BARRE, PA 18711 IN THE COUNTY OF LUZERNE, STATE OF PENNSYLVANIA, A TRUE AND ATTESTED COPY AND MAKING KNOWN THE CONTENTS THEREOF.

LESLIE MIDDAUGH, DEPUTY

SO ANSWERS,

BRIAN M. SZUMSKI, SHERIFF

July 07, 2020

PROTHONOTARY LUZERNE COUNTY
FILED JUL 7 '20 PM 2:31

| | |
|---|---|
| John Doe<br><br>  Plaintiff/s<br>vs.<br><br>Mary Sokoloff and Matthew Sokoloff<br>  Defendant/s | IN THE COURT OF COMMON PLEAS<br>LUZERNE COUNTY<br><br>CIVIL ACTION – LAW<br><br>NO. 20 20 - 05429 |

## NOTICE

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claim set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. **YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED RATE OR NO FEE.**

## AVISO

A USTED SE LE HA DEMANDADO EN LA CORTE. Si usted quiere defenderse contra la demanda expuesta en las siguientes páginas, tiene que tomar acción en un plazo de veinte (20) días después que reciba esta demanda y aviso, por presentar una notificación de comparecencia escrita personalmente o por un abogado y radicar por escrito en la Corte sus defensas u objeciones a las demandas presentadas en su contra. Se le advierte que si falla en hacerlo, el caso podría seguir adelante sin usted y un fallo podría ser dictado en su contra por la Corte sin previo aviso por cualquier dinero reclamado en la demanda o por cualquier otro reclamo o desagravio pedido por el/la demandante. Puede que usted pierda dinero o propiedad u otros derechos importantes para usted. **USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO, DIRÍJASE O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ABAJO. ESTA OFICINA PUEDE PROVEERLE CON INFORMACIÓN SOBRE COMO CONTRATAR UN ABOGADO. SI NO TIENE LOS FONDOS SUFICIENTES PARA CONTRATAR UN ABOGADO, ESTA OFICINA PODRÍA PROPORCIONARLE INFORMACIÓN ACERCA DE AGENCIAS QUE PUEDAN OFRECERLES SERVICIOS LEGALES A PERSONAS QUE REÚNAN LOS REQEQUISITOS A UN HONORARIO REDUCIDO O GRATIS.**

| | |
|---|---|
| **North Penn Legal Services, Inc.**<br>33 N. Main Street, Suite 200<br>Pittston, PA 18640<br>(570) 299-4100<br>(877) 953-4250 Toll free<br>(570) 824-0001 Fax<br><br>101 West Broad Street<br>Suite 513<br>Hazleton, PA 18201<br>(570) 455-9512<br>(877) 953-4250 Toll free<br>(570) 455-3625 Fax | **Servicios Legales de North Penn, Inc.**<br>33 la Calle Main del Norte, Oficina 200<br>Pittston, PA 18640<br>(570) 299-4100<br>(877) 953-4250 Llamada gratuita<br>(570) 824-0001 Fax<br><br>101 la Calle Broad del Oeste<br>Oficina 513<br>Hazleton, PA 18201<br>(570) 455-9512<br>(877) 953-4250 Llamada gratuita<br>(570) 455-3625 Fax |

LAW OFFICES OF DANIEL P. HARTSTEIN, LLC
BY: Daniel P. Hartstein, Esquire
Identification No.: 69527
Commerce Center
1800 Chapel Ave. West, Suite 320
Cherry Hill, NJ 08002        ATTORNEY FOR PLAINTIFF
(856) 910-8900

| John Doe, | : | COURT OF COMMON PLEAS |
| Plaintiff, | : | LUZERNE COUNTY |
| v. | : | |
| | : | NO.: 2020-05429 |
| Mary Sokoloff | : | |
| 218 S. Franklin St. | : | |
| Apt. 1 | : | |
| Wilkes Barre, PA 18701 | : | |
| and | : | |
| Matthew Sokoloff | : | |
| 5067 Old Country Rd. | : | |
| Bedford, VA 24523 | : | |
| Defendants. | : | |

## CIVIL ACTION – COMPLAINT

1. Plaintiff, John Doe (hereinafter "Plaintiff"), is a citizen of State of New Jersey.

2. Defendant, Mary Sokoloff, is an individual and resident of the Commonwealth of Pennsylvania whose address is set forth in the above caption.

3. Defendant, Matthew Sokoloff (hereinafter "Matthew Sokoloff" or "Matthew"), is an individual and, upon information and belief, a resident of the State of Virginia whose last known address is set forth in the above caption.

4. This action is being brought by Plaintiff for permanent and severe physical, mental and emotional damage caused to him by Defendants as a result of, *inter alia*, Defendant Mary Sokoloff's and Defendant Matthew Sokoloff's negligence, gross

negligence and/or reckless acts which led to and permitted harmful acts committed by Defendant Matthew Sokoloff of which Defendant Mary Sokoloff had knowledge, either actual or constructive. Such acts occurred on various dates in 2007-2009.

5. Defendant Mary Sokoloff is the mother of Defendant, Matthew Sokoloff, who resided with her during relevant time periods.

6. Matthew Sokoloff, at all times relevant hereto, was a minor who was under the care and control of his mother, Mary Sokoloff.

7. Mary Sokoloff is the great aunt to Plaintiff.

8. Matthew Sokoloff is a cousin to Plaintiff.

9. Matthew Sokoloff is approximately seven (7) years older than Plaintiff.

10. Plaintiff was ages seven (7) to nine (9) during the relevant period and Matthew Sokoloff was ages fourteen (14) to sixteen (16).

11. Upon information and belief, prior to and during the relevant period, Mary Sokoloff knew or should have known that her son, Matthew Sokoloff had tendencies, including but not limited to, dysfunctional impulsivity, empathy deficit, psychopathic tendencies, sexual immaturity, sexual dysfunction, and sexual predation.

12. Upon information and belief, prior to and during the relevant period, Mary Sokoloff knew or should have known, that her son, Matthew Sokoloff, presented a threat or hazard to the safety and/or well-being of other children, especially children younger than Matthew, including Plaintiff.

13. Upon information and belief, prior to and during the relevant period, Mary Sokoloff knew or should have known, that her son, Matthew, should not have been left

alone and/or unsupervised in the presence of children younger than Matthew, including Plaintiff.

14. Upon information and belief, prior to and during the relevant period, Mary Sokoloff had a duty to warn others of the threat or hazard her son, Matthew, presented to other children, including Plaintiff.

15. Upon information and belief, prior to and during the relevant period, Mary Sokoloff had a duty to supervise and/or observe her son, Matthew, at all times he was in the presence of other children, including Plaintiff, when no other adults were present.

16. Upon information and belief, prior to and during the relevant period, Mary Sokoloff had a duty to warn guests to her home of dangers known to her.

17. Mary Sokoloff had a "special relationship" with Matthew Sokoloff as she is Matthew Sokoloff's mother and further had a "special relationship" with Plaintiff, her biological grand-nephew.

18. Matthew Sokoloff caused harm to Plaintiff while he was an invitee upon Mary Sokoloff's, property at or near 200 Mountain View Dr., Hazle Township, Pennsylvania (upon information and belief now designated as R235 Forest Hills Acres), and to whom Mary Sokoloff owed the highest duty of care.

19. Alternatively, Mary Sokoloff owed a duty of reasonable care to Plaintiff, who was an invitee upon the property

20. Mary Sokoloff, during all relevant time periods, failed to supervise and/or adequately supervise her son, Matthew Sokoloff, which permitted Matthew Sokoloff to continually and repeatedly perform heinous, horrific, inexplicable, and illegal sexual acts

upon Plaintiff, then a minor child, while Plaintiff was an invitee of Mary Sokoloff onto her property.

21. Plaintiff's injuries resulted from the negligence, gross negligence and recklessness of Defendants, Mary Sokoloff and Matthew Sokoloff, and was due in no manner whatsoever to any act or failure to act on the part of Plaintiff.

22. On or about November 22, 2007, Plaintiff was a guest at the home of Mary Sokoloff. Plaintiff was seven (7) years of age.

23. At the aforementioned time and place, while playing video games, Matthew Sokoloff (then fourteen years of age) was touching himself through his sweatpants and then underneath his sweatpants in front of Plaintiff. Matthew got an erection, and pointed to his penis and said "do you know what this is?" Plaintiff responded, "No" and Matthew replied, "It's a bone." Matthew took Plaintiff's hand and made him touch his penis through his sweatpants. Matthew then took his hand and touched Plaintiff's penis through his sweatpants.

24. Shortly thereafter, Matthew took Plaintiff to a wooded area in the backyard.

25. Matthew then exposed his own penis and masturbated in front of Plaintiff, his seven (7) year old cousin.

26. Matthew proceeded to remove all of Plaintiff's clothing and his own so that both boys were fully naked.

27. Matthew instructed Plaintiff to get on his knees.

28. Matthew instructed Plaintiff open his mouth so he could put his penis in it.

29. After Matthew tried to put his penis in Plaintiff's mouth and it would not fit, he instructed Plaintiff to "lick it," which Plaintiff did.

30. Matthew proceeded to ask Plaintiff, "You like milk, right?"

31. Matthew also asked Plaintiff to swallow what would come out.

32. When Plaintiff refused, Matthew walked him over to a tree, placed Plaintiff's leg on the base of a tree and then inserted erect penis in Plaintiff's anus, causing Plaintiff significant pain.

33. During the summer of 2008, Plaintiff was again a guest at the home of Mary Sokoloff.

34. At the aforementioned time and place, Plaintiff and Matthew Sokoloff were sitting together in the basement when Matthew exposed his penis and began to masturbate.

35. Matthew took Plaintiff's hand and placed it on his naked penis.

36. After Matthew asked Plaintiff to lick his erect penis, Plaintiff kicked Matthew in the testicles.

37. In Summer 2008, Matthew also sexually assaulted Plaintiff in the backseat of a vehicle believed to be owned by and occupied by Mary Sokoloff and her husband, Paul, now deceased. While sleeping, Plaintiff felt his hand being manipulated. He awoke to see that Matthew had placed his hand on Matthew's exposed penis. Matthew made a signal to Plaintiff to keep quiet. Terrified that he would get into trouble, Plaintiff just closed his eyes while Matthew continued the assault.

38. Also, during Summer 2008, while playing in the basement of Mary Sokoloff's home, Matthew suddenly exposed his penis and began to masturbate.

39. Matthew made Plaintiff touch his exposed penis and asked him to lick it. When Plaintiff refused, Matthew became frustrated. Matthew grabbed Plaintiff to try to convince him to lick his penis. Plaintiff was terrified that this could lead to what happened with Matthew in the woods and subsequently kicked Matthew in the testicles very hard.

40. Also, during Summer 2008, Mary Sokoloff took Matthew and Plaintiff to a club near her home with a pool, sauna, and gym. While in the sauna, Matthew exposed his penis and began to masturbate. Matthew urged Plaintiff, who was eight (8) years old at the time to also try to masturbate and demonstrated what to do and "helped" Plaintiff.

41. In or around October 2009, Matthew Sokoloff was a guest at Plaintiff's home in New Jersey. After going to a teen club with Plaintiff's older sister, Matthew went to Plaintiff's room.

42. At the aforementioned time and place, Plaintiff was coughing and not feeling well and was half asleep in his bed. Matthew asked Plaintiff, "Do you remember the things we did at my house?" Plaintiff was frozen in terror and did not respond, hoping Matthew would go away.

43. Matthew did not go away but, rather, removed his pants and shirt and got into bed with Plaintiff.

44. While in bed with Plaintiff, Matthew put his hand around Plaintiff' body and began to run Plaintiff's penis under his clothes.

45. Matthew started to rub his penis against Plaintiff's buttocks and briefly penetrated Plaintiff.

46. Plaintiff's mother walked into the room and Matthew stopped immediately. He explained that he was rubbing Plaintiff's back due to his coughing.

47. Plaintiff's mother contacted Mary Sokoloff to pick her son, Matthew, up in the morning. While waiting his mother's vehicle, Matthew asked Plaintiff, "Can I touch you?" When Plaintiff responded, "No," Matthew then proceeded to masturbate next to Plaintiff.

48. By information and belief and at all times relevant hereto, Mary Sokoloff knew or should have known that Matthew Sokoloff presented danger to the well-being of Plaintiff and/or that Matthew Sokoloff was a sexual predator/pedophile.

49. By information and belief and at all times relevant hereto, it was reasonably foreseeable to Mary Sokoloff that Plaintiff would sustain harm while on Mary Sokoloff's premises and in the unsupervised presence of Matthew Sokoloff.

50. The sexual assaults committed by Matthew Sokoloff upon Plaintiff at Mary Sokoloff's home and while under her supervision outside of her home, included exposure, forced masturbation, oral copulation, attempted rape, and rape.

51. All of the aforementioned sexual assaults upon Plaintiff occurred while Plaintiff was ages seven (7) to nine (9) years old.

52. The aforementioned events were due solely to the actions of defendants as set forth, herein, and were due in no manner whatsoever to any act or failure to act on behalf of Plaintiff.

## COUNT I
## JOHN DOE v. MARY SOKOLOFF
### (NEGLIGENCE, GROSS NEGLIGENCE, CARELESSNESS, AND RECKLESSNESS)

53. Plaintiff incorporates by reference the averments contained above and below, as though fully set forth herein.

54. Defendant Mary Sokoloff, was careless, negligent, grossly negligent, wanton, and reckless including but not limited to, *inter alia*, the following:

   a. failing to supervise and/or failing to adequately supervise Plaintiff, her minor grand-nephew;

   b. failing to supervise and/or failing to adequately supervise her son, Defendant Matthew Sokoloff;

   c. failing to report the actions of her son, Defendant Matthew Sokoloff, to authorities, when she knew or should have known of sexual abuse by Jason Mullen upon Plaintiff;

   d. negligently failing to warn Plaintiff and his mother of the risk of harm posed by her son, Defendant Matthew Sokoloff;

   e. negligently permitting the harmful actions of Matthew Sokoloff to take place and/or continue;

   f. negligently failing to provide the Plaintiff with any assistance in coping with the injuries sustained;

   g. failing to warn or otherwise make reasonably safe the property which Defendant Mary Sokoloff possessed and/or controlled, leading to the harm to Plaintiff;

h.  violation of the duties imposed under Pennsylvania law, Section 314A of the Restatement (Second) of Torts;

i.  violation of the duties imposed under Pennsylvania law, Section 315 of the Restatement (Second) of Torts;

j.  violation of the duties imposed under Pennsylvania law, Section 308 of the Restatement (Second) of Torts;

k.  violation of the duties imposed under Pennsylvania law, Section 318 of the Restatement (Second) of Torts;

l.  violation of the duties imposed under Pennsylvania law, Section 324A of the Restatement (Second) of Torts;

m.  violation of the duties imposed under Pennsylvania law, Section 344 of the Restatement (Second) of Torts;

n.  allowing the then minor Plaintiff to be in the unsupervised company of her son, Defendant, Matthew Sokoloff, when Defendant, Mary Sokoloff, knew or should have known and foreseen that her son, Defendant, Matthew Sokoloff was a danger and threat to the then minor Plaintiff and was likely to cause harm to Plaintiff.;

o.  failing to take any precautions whatsoever to give protection and safety to then minor Plaintiff from the dangerous propensities of her son, Defendant, Matthew Sokoloff, of which Defendant, Mary Sokoloff, had or should have had notice and knowledge;

p.     failing to report to the proper authorities the conduct and activity of her son, Defendant, Matthew Sokoloff, which Defendant, Mary Sokoloff knew or should have known was of a nature that it would cause harm to then minor Plaintiff;

q.     failing to warn then minor Plaintiff and/or his mother that the activities engaged in by the Defendant, her son, Matthew Sokoloff, would be of a harmful nature to Plaintiff and have traumatic effects on him in the future;

r.     permitting then minor Plaintiff to enter and remain on the Defendant, Mary Sokoloff's, property when Defendant, Mary Sokoloff', knew or should have known that while then minor Plaintiff remained on the property that he was at risk to be harmed by the Defendant, Matthew Sokoloff', with violent and dangerous propensities;

s.     permitting or failing to prevent tortious conduct by Defendant, Matthew Sokoloff, upon premises which were under Defendant, Mary Sokoloff's control and/or supervision;

t.     negligently permitting and allowing Defendant Matthew Sokoloff to be unsupervised or left alone in Mary Sokoloff's home, acting as an agent on behalf of Mary Sokoloff;

u.     negligent supervision of the property;

  v.  negligently misrepresenting that she would properly supervise Plaintiff when in fact Plaintiff was being harmed by Matthew Sokoloff; and

  w.  failing to adequately "check in" on Plaintiff while Plaintiff was in the presence of Matthew Sokoloff at Defendant Mary Sokoloff's home.

55. As a proximate and direct result of Defendant Mary Sokoloff's careless, negligent, grossly negligent and/or reckless conduct described herein, Plaintiff was harmed as a result and has sustained physical and emotional injuries and this has resulted in pain, suffering, embarrassment, humiliation, mental anguish and loss of enjoyment of life and life's pleasures to Plaintiff. Plaintiff has been and will, into the future, be caused to incur medical expenses and may incur a loss of earning capacity.

56. Defendant Mary Sokoloff knew or should have known about the severe risk of her failure to take any appropriate precautions outlined above and acted in a reckless disregard to such risk for which Plaintiff is entitled to and hereby seeks punitive damages.

57. Defendant Mary Sokoloff's actions and failures described herein are outrageous and were done recklessly with a wanton and conscious disregard of the risk of harm to Plaintiff and his rights or on other grounds for which plaintiff is entitled to and hereby seeks punitive damages in every count of this complaint.

WHEREFORE, Plaintiff, John Doe, claims of Defendant, Mary Sokoloff, jointly and severally with Defendant Matthew Sokoloff, a sum in excess of Arbitration limits, together with costs, interest, punitive damages and attorneys' fees as permitted by law.

## COUNT II
## JOHN DOE v. DEFENDANTS
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

58. Plaintiff incorporates by reference the averments contained above and below, as though fully set forth herein.

59. Defendants, Mary Sokoloff and Matthew Sokoloff, by and through their contact with Plaintiff, as described above, carelessly, negligently, and/or recklessly committed multiple acts of extreme and outrageous conduct which caused severe emotional distress to Plaintiff and bodily harm as described more fully above, which resulted from the sexual abuse and emotional distress in an extreme, outrageous and harmful manner.

WHEREFORE, Plaintiff, John Doe, claims of Defendant, Mary Sokoloff, jointly and severally with Defendant Matthew Sokoloff, a sum in excess of Arbitration limits, together with costs, interest, punitive damages and attorneys' fees as permitted by law.

## COUNT III
## JOHN DOE v. DEFENDANTS
## NEGLIGENT FAILURE TO RESCUE

60. Plaintiff incorporates by reference the averments contained above and below, as though fully set forth herein.

61. The negligence and recklessness of Defendants Mary Sokoloff and Matthew Sokoloff, in directly and proximately causing the injuries and damages described herein, also includes:

    a. failing to take reasonable and necessary steps to rescue Plaintiff after placing him in a perilous position;

    b. failing to exercise reasonable care to prevent further harm after rendering Plaintiff in danger of further harm;

    c. failing to take reasonable and necessary steps to give aid or assistance to Plaintiff after rendering him in danger of further harm;

    d. failing to take reasonable and necessary steps to obtain aid or assistance for Plaintiff after rendering him in danger of further harm;

    e. failing to take reasonable and necessary steps to prevent the delay in the appropriate care of Plaintiff; and

    f. violation of the duties set forth in the Restatement (Second) of Torts, Sections 314A, 321 & 322, as adopted in Pennsylvania.

62. As a proximate and direct result of Defendants' breaches described in the preceding paragraph, Plaintiff sustained profound psychological and physical harms and injuries.

63. The aforementioned incidents resulted from the negligence and/or recklessness actions and/or inactions of Defendants and was due in no manner whatsoever to any act or failure to act on the part of Plaintiff.

WHEREFORE, Plaintiff, John Doe, claims of Defendant, Mary Sokoloff, jointly and severally with Defendant Matthew Sokoloff, a sum in excess of Arbitration limits, together with costs, interest, punitive damages and attorneys' fees as permitted by law.

### COUNT IV
### JOHN DOE v. MATTHEW SOKOLOFF
### ASSAULT

64. Plaintiff incorporates by reference the averments contained above and below, as though fully set forth herein.

65. Defendant Matthew Sokoloff assaulted Plaintiff, described above, which put Plaintiff in reasonable and immediate apprehension of a harmful and offensive contact with Plaintiff's body and which, in fact, put Plaintiff in such reasonable and immediate apprehension and which caused Plaintiff injuries and damages as outlined above.

WHEREFORE, Plaintiff, John Doe, claims of Defendant, Mary Sokoloff, jointly and severally with Defendant Matthew Sokoloff, a sum in excess of Arbitration limits, together with costs, interest, punitive damages and attorneys' fees as permitted by law.

### COUNT V
### JOHN DOE v. MATTHEW SOKOLOFF
### BATTERY

66. Plaintiff incorporates by reference the averments contained above and below, as though fully set forth herein.

67. Defendant Matthew Sokoloff committed multiple acts of battery, described above, upon Plaintiff which directly resulted in harmful and offensive contact with his body, causing damages and injuries as outlined herein.

WHEREFORE, Plaintiff, John Doe, claims of Defendant, Mary Sokoloff, jointly and severally with Defendant Matthew Sokoloff, a sum in excess of Arbitration limits, together with costs, interest, punitive damages and attorneys' fees as permitted by law.

### COUNT VI
### JOHN DOE v. MATTHEW SOKOLOFF
### FALSE IMPRISONMENT

68. Plaintiff incorporates by reference the averments contained above and below, as though fully set forth herein.

69. Defendant, Matthew Sokoloff, intentionally confined Plaintiff against his will with no reasonable means of escape through the use of physical barriers, threats of physical force and/or actual physical force, all of which caused Plaintiff injuries outlined more fully herein.

70. Defendant Matthew Sokoloff acted without justification in confining Plaintiff and at a time when Defendant Matthew Sokoloff knew or should have known that he was acting without justification, but disregarded such knowledge, imputed or actual.

WHEREFORE, Plaintiff, John Doe, claims of Defendant, Mary Sokoloff, jointly and severally with Defendant Matthew Sokoloff, a sum in excess of Arbitration limits, together with costs, interest, punitive damages and attorneys' fees as permitted by law.

### COUNT VII
### JOHN DOE v. MATTHEW SOKOLOFF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

71. Plaintiff incorporates by reference the averments contained above and below, as though fully set forth herein.

72. Defendant Matthew Sokoloff, by and through his contact with Plaintiff, as described above, intentionally and/or recklessly committed multiple acts of extreme and outrageous conduct which caused severe emotional distress to Plaintiff and bodily harm as described more fully above, which resulted from the physical touching and other inappropriate contact of Matthew Sokoloff upon Plaintiff in an extreme, outrageous and harmful manner.

WHEREFORE, Plaintiff, John Doe, claims of Defendant, Mary Sokoloff, jointly and severally with Defendant Matthew Sokoloff, a sum in excess of Arbitration limits, together with costs, interest, punitive damages and attorneys' fees as permitted by law.

Respectfully submitted,

BY:    *Daniel P. Hartstein*
       Daniel P. Hartstein, Esquire
       Commerce Center
       1800 Chapel Avenue West, Suite 320
       Cherry Hill, New Jersey 08002
       (856) 910-8900 Office
       (856) 910-8910 Fax
       danhartstein@verizon.net
       Attorney for Plaintiff, John Doe

**DATED: July 23, 2020**

## *VERIFICATION*

The undersigned, having read the attached pleading, verifies that the within pleading is based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. Signer verifies that he has read the within pleading and that it is true and correct to the best of the signer's knowledge, information, and belief. This Verification is made subject to the penalties relating to unsworn falsification to authorities.

LAW OFFICES OF DANIEL P. HARTSTEIN, LLC

BY: *Daniel P. Hartstein*
Daniel P. Hartstein, Esquire

DATED: July 23, 2020